THE BREWERS' FIRE INSURANCE COMPANY, RESPOND-
ENT, *v.* JOSEPH BURGER, APPELLANT.

*Conditional subscription — Contract — reducing of part to writing — does not preclude
oral evidence of the residue — Conditional delivery.*

This action was brought to recover sixty per cent of a subscription, made by the
defendant to the capital stock of the plaintiff. The defendant insisted that
the entire agreement was not contained in the subscription paper, and that the
subscription was void because delivered under an agreement that it was not to
become valid or binding unless $200,000 should be subscribed, and unless a
branch office of the company were established in New York, neither of which
conditions had been complied with; the defendant objected to signing the paper
when presented to him because the said conditions were not therein stated, but
was informed by plaintiff's agent that it would not be valid until they had been
complied with; *held,* that the defendant should be allowed to prove that the
paper was signed upon said conditions, and that if he succeeded in so doing he
was entitled to a judgment in his favor.

APPEAL from a judgment in favor of the plaintiff, entered upon
a verdict directed by the court.

*John H. Bergen,* for the appellant.

*Edward Solomon,* for the respondent.

DYKMAN, J.:

This is an action to recover sixty per cent upon a subscription to
the capital stock of the company to which the plaintiff has succeeded.
His defense is that the subscription paper never was delivered to
the plaintiff, and that it never became a valid or binding or subsist-
ing contract, and was only to become such if $200,000 was raised
by subscription, and a branch of the company established in New
York city, and that these were conditions precedent to the liability
of the defendant. On the trial of the cause there was testimony
introduced which tended to establish the defense. It was shown
that, at the first meeting in relation to the matters in New York
city, it was agreed that an effort should be made to raise $200,000
of stock, of which twenty-five per cent in cash should be paid, and

if that amount could not be raised it should be considered an experiment, and the signatures should be null and void. That if the amount of $200,000 should be subscribed, then a meeting was to be called to organize a department of the east. That the subscription was to be for the basis of the western company. That unless the $200,000 was subscribed it was considered an experiment, and there should be no further action taken in the premises. That if the $200,000 was subscribed a meeting was to be called, and the department of the east organized, and the basis of the department of the east was to be the appointment of a committee of finance to collect the money and have it in their trust; that the money this committee of finance was to collect, was the twenty-five per cent on the $200,000 subscribed, and that this sum of $200,000 was to be the capital of the department of the east. This arrangement was made at the meeting at Schaeffer's. This testimony was given on the part of the plaintiff, and is entirely uncontradicted.

Mr. Jacobs, the agent of the plaintiff, drew up a subscription after this meeting, and it was presented to the defendant by Mr. Katzenmeyer for Mr. Jacobs. The defendant at once objected to the paper, because there was nothing in it about the department of the east, or that the money should remain here in their own treasury; that there was nothing said in the paper about the $200,000. Katzenmeyer told him it would all be right, and that the arrangement made at Schaeffer's would be carried out, and on that condition the defendant signed it. These facts are also undisputed.

The trial court must have proceeded upon the theory that the defendant was bound by the paper writing which he signed, and could not be permitted to contradict it for the purpose of defeating a recovery. This was a mistake. The case presented was one where the original contract was verbal and complete, and a part only of it was afterward reduced to writing, and in such cases it is always competent to prove the whole agreement. (Greenl. Ev., § 284.) The subscription paper which was signed by the defendant was only one of two transactions between these parties in relation to the same subject, and the defendant had a right to show what the other transaction was, because his legal obligations, whatever they were, arose out of both. This is no violation of the salutary rule of law which forbids the use of parol testimony to affect a written

instrument, because a part only of the agreement is reduced to writing. If the defendant had assented to the terms of the subscription paper, there might be some ground for saying he waived the agreement which was made at Schaeffer's, but, so far from his doing so, he objected to the paper because it did not contain that agreement, and only signed it when he was assured that agreement should stand and be carried out.

In the case of *Bostwick* v. *The Baltimore and Ohio Railroad Company* (45 N. Y., 712), certain goods were shipped under a verbal agreement for their transportation, and in a few days a bill of lading was sent for the goods, which, by its terms, limited the liability of the carrier, and contained a statement that, by accepting it, the shipper agreed to its conditions. The bill was not returned, and yet it was held that the verbal agreement was not merged in it, and the shipper was not concluded from showing what the actual agreement was.

Within this principle the defendant had the right to invoke to his aid the verbal agreement made at Schaeffer's, and to rely upon the safeguards which were thrown around him by its provision. Of these he was wholly deprived on the trial, and made to stand upon a paper which contained a small part of the agreement, which he had actually made, which he had signed under protest and delivered on condition. The court thus placed the defendant in a position where no voluntary act of his legitimately consigned him, and the result to him could hardly be otherwise than disastrous.

Again, it was entirely competent for the defendant to annex any condition to the delivery of this subscription paper, and to limit the extent of its operation by the conditions upon which the delivery was made. He did annex to the delivery the condition that he should and would be liable if the arrangement made at Schaeffer's was carried out, and in no other event. The delivery, then, was upon the condition that $200,000 should be subscribed, that a meeting should then be called, and the department of the east organized, and a committee of finance appointed to collect twenty-five per cent of the subscription. This, then, was the legal obligation which was assumed by the defendant when he signed the subscription, and as all the conditions were precedent to his liability, their performance must all be shown before his liability attaches. The defendant asked to have

all these questions submitted to the jury, and the court denied the request, and ordered a verdict for the plaintiff for the full amount of the claim. We think the very least that the court could have done for the defendant was to allow him to go to the jury, and that the refusal to do so was error, for which the judgment must be reversed, and new trial granted, costs to abide event.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment reversed, and new trial ordered, costs to abide event.